# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1991 | **DATE** | 7/12/2012 |
| **CASE TITLE** | Revelis et al. vs. Napolitano et al. | | |

**DOCKET ENTRY TEXT**

The Government Defendants' motion to stay proceedings for 90 days is granted. A status hearing set for 10/16/2012 at 9:00 a.m.. Should USCIS' decision on the Plaintiff's visa petition be finalized before that time, the parties are hereby ordered to file a motion for an earlier status date.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

  Before the Court is the Government Defendants' motion to stay proceedings due to agency action. For the following reasons, the motion to stay is granted for the finite period of 90 days from entry of this order.

  Plaintiffs Demos Revelis and Marcel Maas have filed suit against Janet Napolitano as Secretary of the United States Department of Homeland Security and Eric H. Holder as Attorney General of the United States. They allege the unconstitutionality of the Defense of Marriage Act, which defines "marriage" as used in numerous federal statutes, as being solely between one man and one woman. 1 U.S.C. § 7. One of those statutes affected by DOMA is the Immigration and Nationality Act's definition of marriage. 8 U.S.C. § 1101(a)(35). Revelis, a U.S. Citizen, filed a visa petition for his non-citizen, same-sex spouse, Maas. (The two were legally married in Iowa in 2010.) The petition is known as Form I-130 and "if approved, provides [the foreign] spouse the basis by which he can apply for lawful permanent residency in the United States." Compl. 2. Plaintiffs argue that "[a]s a direct result of DOMA, the visa petition that Plaintiff Revelis filed for his spouse cannot be approved." Compl. 6.

  Plaintiffs argue DOMA is unconstitutional as a violation of equal protection guarantees under the Fifth Amendment.

  This Court on January 5, 2012 found Plaintiffs had standing despite the U.S. Citizenship and Immigration Services agency ("USCIS") not having yet rendered a final decision on the visa application. The Court did so, in part, because the complaint noted, but for DOMA, they would otherwise be qualified for consideration and a visa. *Revelis v. Napolitano*, No. 11-1991, 2012 U.S. Dist. LEXIS 1330, at *16 (N.D. Ill. Jan. 5, 2012).

  At that time, the Court also granted the Bipartisan Legal Advisory Group, U.S. House of Representatives ("BLAG") Intervenor-Defendant status because both Government Defendants agree with Plaintiff that DOMA violates the constitution, and thus the Defendants cannot adequately protect Congress' interest in defending the statute.

**STATEMENT**

Pursuant to that grant, BLAG sought to dismiss the complaint, arguing that under current case law, it fails to state a ground upon which relief can be granted.

Since that time, the Government Defendants noted that USCIS issued on April 16, 2012 a Notice of Intent to Deny ("NOID") the I-130 petition. The NOID is based on two grounds. The first ground, as predicted by Plaintiffs, was on the ground that DOMA mandates Maas does not meet the federal definition of "spouse." The second ground sets "forth an additional statutory basis for denial under the Immigration and Nationality Act that is unrelated to DOMA." Gov. Defs.' Mot. to Stay, 1.

Government Defendants' propose that if alternate, statutory grounds for refusing the petition are put forth by the USCIS, Plaintiffs will either have to amend their complaint or lose standing, because invalidating DOMA will no longer be capable of granting Plaintiffs the relief they seek. The Court does not rule on this argument at this point, but considers it in combination with the precept that, if a case can be decided on grounds other than Constitutional infirmity, the Court should endeavor to do so. *Brandt v. Village of Winnetka, Illinois*, 512 F.3d 647. 650 (7th Cir. 2010). Both these arguments strike the Court as meriting a stay until USCIS' decision is finalized.

At the time the Court ruled on standing, the possibility of denial of Plaintiff's petition on a ground other than DOMA was pure speculation. It now appears to be a distinct possibility. A stay could also preserve the Court's resources in that it could potentially prevent a ruling on a motion to dismiss that may very well become moot if the complaint is amended.

The Court, therefore, is willing to delay adjudication of BLAG's motion to dismiss for 90 days so that USCIS' determination can be finalized. Government Defendants have promised that this is the maximum time that will be needed for such a decision to become final, and the Court will hold them to that. Should the decision not be finalized by then, the Court will proceed on the assumption that there continues to be no non-DOMA rationalization for denial of the petition.

In addition, the Court notes that Government Defendants, citing the Privacy Act, have not illuminated the Court on the potential non-DOMA reason for denial of the visa petition. Should adjudication of this case become dependant on that non-DOMA denial, the Court will likely have to learn the details of that basis for denial. The parties should be prepared to file such documents with this Court (potentially under seal, if necessary) or cite specific statute sections and case law as to why the Court cannot be privy to them.